IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THADDEUS M. KORBIN,

    Plaintiff,

vs.                                                 CV-03-1167 MV/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

## DEFENDANT PNM'S REPLY IN SUPPORT OF ITS
## MOTION TO QUASH SUBPOENA DUCES TECUM

COMES NOW Defendant Public Service Company of New Mexico ("PNM"), and for its reply in support of its August 9, 2004 Motion to Quash Subpoena Duces Tecum ("PNM's Motion"), states the following:

**I.  Introduction**

In his response brief, Plaintiff argues that he is entitled to all of the documents that he has subpoenaed from the plaintiffs' attorney (Eric Sirotkin, Esq.) in the New Mexico State court case captioned Kathleen Mayer, et al. v. Public Service Company, State of New Mexico, County of Bernalillo, Second Judicial District Court, No. CV 2003-06456 (the "Mayer Case"). The Mayer Case is brought by thirteen (13) plaintiffs who were laid off in at least four different organizations by several different decision-makers. The Plaintiff in this case was not in the same department as any of the Plaintiffs in the Mayer Case and the reasons for the lay-off of the Plaintiff in this case were not the same. In the Mayer Case, PNM responded to numerous discovery requests and defended several depositions with regard to what was considered relevant

1

to that case, not this case. PNM also designated numerous documents and significant portions of deposition testimony in the Mayer Case as confidential, in reliance on a protective order entered by Judge Robert Thompson in that case.

Plaintiff maintains that he should be able to circumvent the normal discovery mechanisms in this case, circumvent the Provisional Discovery Plan, and circumvent the requirement that he establish the relevancy of requested documents and information in this case, by simply serving a subpoena signed by counsel and requiring the production of everything produced in another case. Specifically, Plaintiff states that: (1) he is entitled to the documents that he has subpoenaed from Mr. Sirotkin that are covered by the Mayer Case protective order because the protective order is invalid; and (2) he is entitled to the documents that are not marked as confidential because they also are not protected by the confidentiality order. As is explained below, both of these arguments are without merit. Indeed, the manner in which Plaintiff seeks to circumvent the Rules and the discovery orders in this case provide this Court with no opportunity to determine whether individual discovery requests in the Mayer Case are relevant in this case, no opportunity to determine whether documents and information produced in the Mayer Case are relevant in this case, and no opportunity for PNM to preserve the confidentiality of documents and information it produced in the Mayer Case in reliance on the protective order entered in that case. In short, if counsel in this case can dictate relevancy and override a confidentiality order entered by a State Court Judge simply by signing a Subpoena Duces Tecum, then counsel for Plaintiff has effectively nullified the Rules of Civil Procedure, nullified the role of the Magistrate Judge to control discovery in this case, and nullified the jurisdiction of the State Courts to control the confidentiality of documents and information

produced in their cases. Accordingly, the Court should grant PNM's Motion and quash the subpoena duces tecum that Plaintiff issued to Mr. Sirotkin on July 28, 2004 (the "Sirotkin Subpoena").

## II. The Mayer Case Documents that are Marked as Confidential are Validly Protected from Plaintiff's Subpoena by the State Court's Protective Order

The Mayer Case documents that Plaintiff has subpoenaed from Mr. Sirotkin can be divided into two categories: (1) the documents that the parties to the Mayer Case have designated as confidential; and (2) the documents that are not so designated. This distinction is significant because, as PNM noted in its Motion, the protective order in the Mayer Case only applies to the documents that the parties designate as confidential.[1] (PNM's Motion at 3). With regard to the Mayer Case documents that are marked as confidential, Plaintiff argues that the Mayer Case protective order is invalid because it allows the parties to stipulate to those documents that are confidential without the requirement that the court make a separate finding of "good cause" with regard to each individual document. (Plaintiff's Response at 7). Based on this argument, Plaintiff asks the Court to invalidate the Mayer Court's protective order and to compel Mr. Sirotkin to produce the confidential documents, despite the contrary order of the Mayer Court. This request is factually and legally untenable. First, PNM produced documents and information in the Mayer Case in reliance on the stipulation of counsel and the Order of the Court in that case that the documents and information would be kept confidential and be used

---

[1] In his response, Plaintiff misrepresents PNM's position by stating that PNM is objecting to the disclosure of all of the documents that Plaintiff has subpoenaed based solely on the Mayer Case protective order. (Plaintiff's Response at 3, 8). This is not PNM's position. Clearly, as stated in PNM's Motion, the Mayer Case protective order only applies to those documents that the parties have marked as confidential. (PNM's Motion at 3). Other grounds, set forth both in PNM's Motion and in this reply, prohibit Plaintiff from using the Sirotkin Subpoena to obtain the documents that are not marked as confidential.

only for purposes of that litigation. Second, the caselaw cited by Plaintiff plainly does not support the utter disregard of confidentiality and protective orders urged by Plaintiff.

Plaintiff cites to two cases, Jepson Inc. V. Makita Elec. Works, Ltd., 30 F.3d 854 (7th Cir. 1994) and Greater Miami Baseball Club Ltd. V. Selig, 955 F.Supp. 37 (S.D.N.Y. 1997), as support for his position that a court determination of "good cause" is required, even where the parties stipulated to the confidentiality of certain documents. However, Plaintiff fails to note three important points. First, the Mayer Case protective order was issued under and is governed by the laws of New Mexico and Plaintiff cites no authority for the position that the protective order is invalid under New Mexico law. Significantly, the cases cited by Plaintiff do not involve a procedural setting in which a court in one jurisdiction rules on the validity of a stipulated protective order in a second jurisdiction. Instead, it is well established in most jurisdictions, including the Tenth Circuit, that the "correct procedure for a non-party to challenge a protective order is through intervention for that purpose." United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990). Plaintiff's request that the Court compel Mr. Sirotkin to violate the Mayer Court protective order is therefore improper.

Third, Plaintiff fails to note that most federal courts that have decided this issue do not require a showing of good cause with regard to each document that is identified by a party as confidential. See 6 Moore's Federal Practice § 26.104[2], 255 (3rd ed. 2001). Instead, the courts require only a threshold finding of good cause, provided that a mechanism is built into a court's protective order whereby the parties can challenge the designation of a document as confidential. Id. Both of these elements exist in the Mayer Case protective order. The protective order states that PNM "may provide private, confidential, and/or proprietary information related to certain

PNM policies and procedures, business operations, present and former employees, and other PNM records, and Plaintiffs may provide private and confidential information related to their income, earnings, finances, and medical or mental health records..." (Mayer Case Protective Order at 1, attached to PNM's Motion as Exhibit B). Based on these representations, the New Mexico District Court Judge Robert Thompson signed the Mayer Case protective order, thereby holding that the parties made a threshold showing of good cause. (Id. at 8). With regard to the requirement of a mechanism for challenging the confidentiality of a particular document, the Mayer Case protective order sets forth a time frame during which the parties can object to the designation of any document as confidential and whereby the parties can resolve a dispute by seeking an *in camera* review of the disputed documents. (Mayer Case protective order at 3, attached to PNM's Motion as Exhibit B). Accordingly, the Mayer Case protective order is valid and should not be disturbed by a ruling of this Court.

Finally, as Plaintiff notes in his response, Plaintiff and PNM have stipulated to an almost identical protective order in the above-captioned case. Plaintiff's position that the Mayer Case protective order is invalid is therefore undermined by the fact that Plaintiff is relying on the same protective order to control the disclosure of the documents that Plaintiff produces in this case. In fact, on September 3, 2004, Plaintiff filed a Motion to Compel Defendant to Produce Employee Data. (Plaintiff's Motion to Compel, Doc. 28). In this motion, Plaintiff states that PNM should not be able to object to the production of confidential PNM documents because "any confidentiality concerns are adequately addressed by the protective order that controls this matter." (Plaintiff's Motion to Comple, Doc. 28, at 8). Plaintiff thus simultaneously argues that

5

the Mayer Case protective order is invalid and that the almost identical protective order in the above-caption case is valid. This position is not sustainable.

Based on the above points, the Sirotkin Subpoena must be quashed because it seeks documents that cannot and should not be disclosed pursuant to Judge Thompson's protective order in the Mayer Case. Plaintiff's request that the Court rule otherwise should therefore be disregarded.

**III. Plaintiff is not Entitled to any of the Documents that he Seeks Because Plaintiff's Subpoena is an Improper Attempt to Circumvent Established Discovery Requirements**

The problem with the approach to discovery taken by the Plaintiff in this case by serving the Sirotkin Subpoena is that Plaintiff seeks to circumvent established discovery rules in order to: (1) avoid the discovery limitations that are imposed by the Federal Rules of Civil Procedure and by order of the Court; and (2) obtain documents from Mr. Sirotkin that Plaintiff would not otherwise be entitled to obtain directly from PNM. By way of example, the Provisional Discovery Plan limits the interrogatories and requests for production Plaintiff may serve. Plaintiff has served PNM with numerous interrogatories and numerous requests for production and, in addition, tried to subpoena everything produced in a 13-Plaintiff case pending in State Court. Plaintiff's approach is an abuse of a discovery tool which threatens to undermine the Court's control over discovery in this case and should be rejected by the Court.

The discovery limitations that Plaintiff seeks to circumvent are numerous. Based on the Federal Rules of Civil Procedure and the Court's own Provisional Discovery Plan, Plaintiff's discovery requests in this case are governed by a number of limitations including: the Rule 26 requirements that discovery be limited to relevant information and that it not be duplicative; the

Rule 33(a) requirement that each party serve not more that 25 written interrogatories on an opposing party; the Rule 34(b) requirement that each party set forth the items to be inspected via a request for production with "reasonable particularity"; and, the Court's own Provisional Discovery Plan, which provides that parties are entitled to conduct only ten depositions. (Discovery Plan, Doc. 5, at 2). By seeking to obtain documents from Mr. Sirotkin via the Sirotkin Subpoena, Plaintiff seeks to avoid these limitations. Plaintiff's own response provides an excellent illustration of this point and of why the Sirotkin Subpoena must be quashed.

Plaintiff states in his response that some of the documents that he seeks with the subpoena that he served on Mr. Sirotkin are PNM business records and that "[t]his request is similar to the Rule 33 and 34 discovery served on PNM requesting the materials which PNM also objected to." (Plaintiff's Response at 6). Plaintiff admits that he has requested PNM's business records pursuant to Rules 33 and 34 and, as is permitted by those rules, PNM has raised objections to some of the documents that Plaintiff requested.[2] The established procedure for resolving this type of dispute is set forth in Rule 37(a)(2), where it is stated that the parties must first confer in an effort to reach an agreement without court action, followed, if necessary, by a motion to compel. Accordingly, Plaintiff and PNM are currently exchanging detailed correspondence in which the parties are working together to attempt to resolve their discovery disputes.

---

[2] Plaintiff incorrectly states that PNM has objected to Plaintiff's discovery requests based on the argument that the documents are protected by the Mayer Case protective order. (Plaintiff's Response at 6). This is not PNM's position. Certainly, if Plaintiff requests PNM documents that were produced to the Mayer Case plaintiffs, and if Plaintiff shows that the documents are relevant and discovery in this case under the Federal Rules of Civil Procedure, Plaintiff is entitled to obtain them. Indeed, PNM has already produced documents in response to Plaintiff's discovery requests that were also produced in the Mayer Case. However, Plaintiff can obtain the document that he seeks through established discovery procedures and should not be permitted to obtain them, in addition to a number of other documents to which Plaintiff is not entitled, through the Sirotkin Subpoena.

If the parties cannot agree, Plaintiff will be permitted to file a motion to compel the disclosure of certain PNM documents and the Court can make a ruling on this motion, which ruling will likely include a determination of whether the requested documents are relevant to Plaintiff's claims. However, by seeking to obtain all of the documents produced in the <u>Mayer</u> case with the Sirotkin Subpoena, Plaintiff is attempting to circumvent this established procedure and, if successful, will obtain documents to which he would not otherwise be entitled. In short, PNM produced certain documents in the <u>Mayer</u> Case in response to different discovery requests and different relevancy considerations. Plaintiff's subpoena seeks to avoid the requirement that he serve particularized discovery requests in this case or establish the relevancy of those requests in this case, and simply obtain everything produced in a 13-Plaintiff case which is plainly not the same as this case. Accordingly, the Court should quash the Sirotkin Subpoena and require Plaintiff to pursue his discovery in this case according to the established requirements of the Federal Rules of Civil Procedure.

### IV.     The Sirotkin Subpoena Should be Quashed Because Plaintiff did Not Provide PNM with Sufficient Notice

Plaintiff did not provide PNM with notice of his intention to serve the Sirotkin Subpoena prior to the date on which Plaintiff served the subpoena on Mr. Sirotkin. Instead, Plaintiff provided notice to PNM at the same time that he actually served the subpoena. (See July 28, 2004 Letter from Wayne Suggett to Eric Sirotkin, attached as **Exhibit A**). Plaintiff's failure to provide PNM with a reasonable period of notice prior to his service of the Sirotkin Subpoena is an additional reason that the Sirotkin Subpoena must be quashed.

Rule 45(b)(1) provides that when a party serves a subpoena on a non-party, "prior notice" of the subpoena must be given to all other parties to the lawsuit. Fed.R.Civ.Proc. 45(b)(1). In

Butler v. Biocore Medical Techs., Inc., 348 F.3d 1163, 1173 (10th Cir. 2003), the Tenth Circuit stated that the purpose behind this rule is to provide opposing counsel with sufficient time to object to the subpoena. Accordingly, the court in Butler affirmed the decision to quash several subpoenas that did not comply with this requirement. Id.; see also Firefighter's Institute v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (upholding district court's decision to quash subpoena where subpoena did not provide prior notice). Because Plaintiff did not give PNM sufficient time to object to the Sirotkin Subpoena prior to its service on Mr. Sirotkin, the subpoena did not comply with the requirements of Rule 45 and should be quashed.

## V. Conclusion

A substantial portion of the documents that have been produced in the discovery in the Mayer Case cannot be disclosed because they are governed by a protective order and the Sirotkin Subpoena should be quashed because it seeks to obtain these documents. Additionally, the Sirotkin Subpoena is improper to the extent that it seeks to obtain any documents in the Mayer Case, regardless of their confidential nature, because it is an impermissible attempt to circumvent the discovery limitations imposed by order of the Court and by the Federal Rules of Civil Procedure and because Plaintiff did not provide PNM with proper notice of the Sirotkin Subpoena pursuant to Rule 45.

WHEREFORE, for the foregoing reasons, PNM requests that the Court quash the Sirotkin Subpoena, award PNM its costs and fees incurred in seeking this relief, and grant PNM such other relief as the Court deems appropriate.

KELEHER & McLEOD, P.A.

By *[signature: Nikolai Frant]*
Robert C. Conklin
John K. Ziegler
Nikolai N. Frant
P.O. Box AA
Albuquerque, NM 87103
(505) 346-4646
*Attorneys for Public Service
Company of New Mexico*

I hereby certify that a true and correct copy of the foregoing was hand delivered on this 17th day of September, 2004 to:

Geoffrey D. Rieder, Esq.
Wayne R. Suggett, Esq.
Maestas, Rieder & Suggett, P.C.
201 Third St. NW, Ste. 1700
Albuquerque, NM 87102

*[signature: Nikolai Frant]*
Nikolai N. Frant

nnf0299

## MAESTAS, RIEDER & SUGGETT, P.C.
Attorneys and Counselors
Albuquerque Plaza
201 Third Street N.W. Suite 1700
Post Office Box 1670
Albuquerque, New Mexico 87103-1670

Telephone (505) 767-9801  
Facsimile (505) 767-9807

Wayne R. Suggett  
e-mail: wayne_suggett@mrs-law.com

July 28, 2004

*VIA HAND DELIVERY*

Eric Sirotkin, Esq.
Legal Counselling Service
529 ½ Montclaire SE
Albuquerque, NM 87108-3348

    Re: *Thaddeus M. Korbin v. Public Service Company of New Mexico*
          *CIV No.* 03-1167

Dear Eric:

    Enclosed is a subpoena duces tecum for the production of documents to be produced at our offices on or before August 12, 2004. Please let me know if you need additional time or if you would rather me inspect the relevant records at your office.

    If you have any questions, please do not hesitate to contact me.

Very truly yours,

Wayne R. Suggett

WRS/kmc
Enclosure

cc:    John Ziegler, Esq. (w/encl.)

SIROTKIN 20040728

**EXHIBIT A**