IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THADDEUS M. KORBIN,

    Plaintiff,

vs.

                                              CV-03-1167 MV/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

### NOTICE OF FILING OF AFFIDAVITS IN SUPPORT OF DEFENDANT PNM'S RESPONSE TO MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION TO FIRST AND SECOND SET OF DISCOVERY

In support of Defendant PNM's Response to Motion to Compel Further Responses and Production to First and Second Set of Discovery, Defendant PNM files the attached Affidavits of Ramon Gonzales and Robert C. Conklin. (**Ex. A**, Affidavit of Ramon Gonzales; **Ex. B**, Affidavit of Robert C. Conklin.) These affidavits address the issues Plaintiff raised for the first time in his Reply to Motion to Compel Further Responses and Production to First and Second Set of Discovery, specifically, the sufficiency of PNM's Privilege Logs. The Privilege Logs at issue are attached to Plaintiff's Reply as Exhibits 9 and 10.

                                              Respectfully submitted,

                                              KELEHER & McLEOD, P.A.

                                              By _____
                                              Robert C. Conklin
                                              John K. Ziegler
                                              Christa M. Hazlett
                                              PO Box AA
                                              Albuquerque, NM 87103
                                              Telephone: (505)346-4646
                                              *Attorneys for Defendant*
                                              *Public Service Company of New Mexico*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2004, a true and correct copy of the foregoing NOTICE OF FILING OF AFFIDAVITS was mailed via U.S. Postal Service, postage prepaid, and addressed to:

>Geoffrey D. Rieder
>Wayne R. Suggett
>Maestas, Rieder & Suggett, PC
>PO Box 1670
>Albuquerque, NM 87103-1670
>*Attorneys for Plaintiff*

_____
Christa M. Hazlett

kgr1883

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THADDEUS M. KORBIN,

    Plaintiff,

vs.

CV-03-1167 MV/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

## AFFIDAVIT OF RAMON GONZALES

STATE OF NEW MEXICO    )
                                    ) ss.
COUNTY OF BERNALILLO    )

    RAMON GONZALES deposes and states as follows:

    1.    In the summer of 2002, I was employed by Public Service Company of New Mexico ("PNM") as Chief Counsel, Corporate Services. My primary responsibility was to provide legal advice concerning Human Resources issues.

    2.    In late July 2002, PNM Senior Vice President, General Counsel and Secretary Patrick Ortiz asked me to provide legal advice and conduct a legal analysis in connection with the August 2002 company-wide reorganization. Mr. Ortiz is my direct supervisor.

    3.    The consultation and communications I had with PNM senior officers, vice presidents, managers and People Services employees involved in the reorganization were all in my capacity as an attorney for PNM. The purpose of the consultations and communications was for me to provide legal advice concerning the reorganization, and all of the communications I had were intended to be confidential and protected by the attorney-client privilege. I did not

**EXHIBIT**

A

have a business role in the reorganization and did not make any decisions about which employees were affected by the reorganization.

4. I learned in July 2002 that the reorganization would likely result in the impactions, or terminations, of some employees.

5. During the reorganization process, PNM senior officers, vice presidents, managers, and People Services employees asked me to review documents and provide legal advice regarding the documents or issues related to the documents.

6. PNM senior officers, vice presidents, managers, and People Services employees also verbally asked me for legal advice related to the reorganization.

7. During this time period, I also identified additional legal issues needing advice and identified analyses I would need in order to provide legal advice.

8. During the reorganization process, I knew that it was highly likely that litigation would result for two reasons. First, litigation arose from previous PNM reorganizations. Second, based on my 22 years of experience in the employment law field, I know that some employees who are involuntarily terminated will likely sue their employer regarding the termination.

9. Some of the employees who were impacted on August 22, 2002, stated that they intended to sue PNM over the reorganization that resulted in the loss of their jobs. In addition, once the October 7, 2002, deadline for accepting the enhanced severance package and executing releases of claims passed, I knew that the people who had not relinquished their right to sue in exchange for an enhanced severance package were considering whether to or were likely to sue.

2

10. In connection with the above-captioned litigation, PNM has provided a Privilege Log in response to Plaintiff's discovery requests ("Discovery Log") and another Privilege Log in response to the Subpoena Duces Tecum served on Keleher & McLeod, P.A. ("Subpoena Log"). Both describe records of attorney-client communications and work product materials.

11. The following documents described in the Logs reflect my communications for the purpose of providing legal advice regarding the reorganization. Some of these documents are also work product created by me or at my specific direction in anticipation of litigation regarding the reorganization.

    a. Discovery Log documents 1 and 2 and Subpoena Log document 1 were agenda items I authored for a meeting with PNM's Management Committee. The documents and corresponding presentation I gave to the Management Committee provided legal advice regarding the August 2002 reorganization. Discovery Log document 1 and Subpoena Log document 1 were also communicated to Robert C. Conklin for the purpose of obtaining legal advice from Mr. Conklin. In addition, the documents were created in anticipation of litigation, as I knew that litigation was highly likely to result from the reorganization.

    b. Discovery Log documents 3, 4, and 5 are Business Partner Debra Hipp's handwritten notes of a meeting I had with her and other members of the People Services team working on the August 2002 reorganization for the purpose of providing legal advice regarding the reorganization.

    c. Discovery Log documents 6, 27, and 28 are three different iterations of the same document. All three are attorney-client communications from me to Senior Vice

3

President for People Services Alice Cobb, Director of Human Resources Anna Ortiz. and People Services Business Partners regarding certain impactions that would be deferred until after August 2002. The purpose of the memorandum was to provide legal advice regarding the reorganization.

d. Discovery Log documents 8 and 9 are Anna Ortiz' handwritten notes of a meeting I had with her for the purpose of providing legal advice regarding the August 2002 reorganization

e. Discovery Log document 10 is Business Partner Crista Belt's notes from a meeting I had with her for the purpose of providing legal advice regarding issues between Plaintiff and his supervisor.

f. Discovery Log documents 12, 13, and 22 are Business Partner Becky Chisman's handwritten notes of meetings I had with her for the purpose of providing legal advice regarding the August 2002 reorganization.

g. Discovery Log documents 15, 16, and 17 were preliminary lists of impacted and placed employees. I asked that certain categories of employees be highlighted on these lists so that I could perform a legal review of the decisions to impact or place the employees and provide legal advice. The highlighted names were thus an attorney-client communication for the purpose of obtaining and providing legal advice. and also work product created in anticipation of litigation.

h. Discovery Log documents 18, 19 and 20 are all the same document. but each has different handwritten notes on it. I created the original document for the purpose of providing legal advice to People Services regarding Skills Assessments for

4

employees affected by the reorganization. The handwritten notes reflect the legal advice I gave to People Services employees working on the reorganization. In addition, I created the original document in contemplation of anticipated litigation.

  i. Discovery Log documents 21 and 24 are attorney-client communications for the purpose of obtaining legal advice. They are both e-mail messages containing draft versions of a memorandum to employees regarding the August 2002 realignment. I provided legal advice regarding the contents of those drafts.

  j. Discovery Log document 23 is an attorney-client communication for the purpose of obtaining and providing legal advice. I requested that any changes to the list of employees to be impacted be communicated to me so that I could perform a legal analysis of the change and then provide legal advice. This e-mail is an example of that process.

  k. Discovery Log document 25 is an attorney-client communication for the purpose of obtaining legal advice and is work product created in anticipation of litigation. I directed Gene Bermudez to provide me with statistical information regarding the effect of the proposed impactions so that I could perform a legal review and provide legal advice. This document contains the statistical information Mr. Bermudez provided to me.

  l. Discovery Log document 26 is an attorney-client communication for the purpose of obtaining and providing legal advice and contains work product. The e-mail is a request for legal advice regarding an inquiry from impacted employee Moira Gerety.

The e-mail also contains my legal advice in response to that request. My legal advice is work product, as I anticipated that Ms. Gerety would sue PNM over the loss of her job.

m. Discovery Log document 30 is an attorney-client communication for the purpose of obtaining and providing legal advice and contains work product. The e-mail is a request for advice regarding an inquiry from Eduardo Arguello related to Mr. Arguello's impaction. The e-mail also contains my legal advice in response to the request. My response is work product as I anticipated that Mr. Arguello would sue over the loss of his job, and he did so.

n. Discovery Log documents 31 and 32 are work product documents containing information that I requested in anticipation of litigation. The documents regard which impacted employees accepted the enhanced severance and thus waived their right to sue. I requested this information in anticipation of litigation because I knew that it was likely that the impacted employees who did not accept the enhanced severance would sue. I also provided legal advice based on this information.

o. Discovery Log document 33 contains my legal advice to Anna Ortiz regarding an impacted employee's application for a job posting. The document also contains my work product, as I anticipated that the employee would sue over the loss of her job.

p. Discovery Log document 34 contains a request for legal advice from Crista Belt regarding an impacted employee who was working for a PNM contractor.

6

q.  These documents were all intended to be kept confidential. and have been kept confidential by PNM and our outside legal counsel.

*Ramon Gonzales* (signature)
Ramon Gonzales

SIGNED AND SWORN TO before me on November 15th, 2004, by Ramon Gonzales.

[seal, if any]

*Yvonne C. Welborn* (signature)
Notary Public

My commission expires: July 21, 2008

cnh0074

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THADDEUS M. KORBIN,

    Plaintiff,

vs.

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

CV-03-1167 MV/ACT

### AFFIDAVIT OF ROBERT C. CONKLIN IN SUPPORT OF PNM'S RESPONSE TO MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION TO FIRST AND SECOND SET OF DISCOVERY

STATE OF NEW MEXICO    )
    ) ss.
COUNTY OF BERNALILLO    )

**Robert C. Conklin deposes and states as follows:**

1. I am an attorney with the Keleher & McLeod, P.A. law firm, which is outside counsel for Public Service Company of New Mexico ("PNM").

2. In the summer of 2002, PNM counsel Ramon Gonzales asked me to perform a legal analysis of the proposed August 2002 reorganization and to provide legal advice based on my analysis. I was informed, and believed, that PNM anticipated the reorganization would result in litigation.

3. One of the purposes of my review, analysis and advice was to provide a litigation perspective. I performed the requested analysis and provided legal advice in anticipation of such litigation. I also expected litigation because litigation had resulted from previous reorganizations and because I knew from experience on behalf of PNM and a number of other employers that

**EXHIBIT B**

some percentage of employees whose employment is terminated in a significant layoff will sue their employer.

4. In response to the Subpoena Duces Tecum to Keleher & McLeod in the above-captioned matter, Keleher & McLeod created a Privilege Log ("Subpoena Privilege Log") that describes attorney-client communications and work product.

   (a) Document 1 is a memorandum exchanged with Ramon Gonzales containing a brief summary of legal issues concerning the reorganization and an analysis of the likely litigation risk.

   (b) Documents 2, 3, 4, 5, and 9 are statistical charts containing draft analyses of the impact of the August 2002 reorganization. These documents were communicated to me for the purpose of obtaining my legal advice. In addition, documents 2, 3, and 4 contain my handwritten work product regarding my analysis of the charts. It should be noted that the final version of this statistical analysis was produced to Plaintiff (Doc. Production No. 2576-2597).

   (c) Documents 6 and 8 are my handwritten analysis of the overall impact of the reduction in force and of the proposed impaction of certain employees.

   (d) Document 7 is a memorandum from me to Ramon Gonzales containing my analysis and legal advice concerning the reorganization.

   (e) These documents were all intended to be kept confidential, and have been kept confidential by our law firm.

Robert C. Conklin

2

SIGNED AND SWORN TO before me on November 15th, 2004, by Robert C. Conklin.

[seal, if any]

Sandra L. Sanely
Notary Public

My commission expires:

5/20/07

