

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 NOV 30  PM 4: 25

CLERK ALBUQUERQUE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THADDEUS M. KORBIN,

    Plaintiff,

vs.                              CV-03-1167 MV/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

## DEFENDANT PNM'S RESPONSE TO PLAINTIFF'S
## MOTION TO STRIKE PNM'S AFFIDAVITS

COMES NOW Defendant Public Service Company of New Mexico ("PNM"), by and through its attorneys, Keleher & McLeod, P.A. (Robert C. Conklin, John K. Ziegler, and Christa M. Hazlett), and for its Response to Plaintiff's Motion and Memorandum in Support of Striking PNM's Supplemental Affidavits ("Plaintiff's Motion to Strike"), states as follows:

Defendant requests that Plaintiff's Motion to Strike be denied. Plaintiff asks this Court to ignore the affidavits of Robert C. Conklin and Ramon Gonzales, filed November 15, 2004. Defendant's filing of these affidavits was a proper response to Plaintiff's attacks on Defendant's attorney-client and work product privileges. In fact, Defendant's submission of the affidavits is no different than Plaintiff's prior submissions of evidence after completion of briefing, yet Plaintiff asks this Court to strike Defendant's evidence while allowing his to be heard. Considering the vital importance of preserving attorney-client and work product privileges, Plaintiff's Motion should be denied and the Court should consider the Defendant's affidavits.



75

## I. Background.

Privilege logs are neither requested nor provided as a matter of course in this district. Typically, parties assert privileges in their discovery responses and no privilege log is deemed necessary. In this case, as soon as Plaintiff requested a privilege log Defendant agreed to provide one. (**Ex. 1**, Let. from Wayne Suggett to John K. Zeigler, dated Aug. 30, 2004, at p. 3; **Ex. 2**, Let. from John K. Zeigler to Wayne Suggett, dated Sept. 10, 2004, at p. 1.) Defendant has since provided three privilege logs in this case. The first was provided to Plaintiff's counsel on October 6, 2004, in response to a subpoena served on Kelcher & McLeod, P.A. ("PNM's Subpoena Privilege Log"). The second was provided on October 20, 2004. It identified privileged documents that were responsive to Plaintiff's discovery requests to PNM ("PNM's Discovery Privilege Log").[1] The third privilege log contained privileged documents responsive to Plaintiff's September 10, 2004 Notice of Deposition pursuant to Rule 30(b)(6).[2]

Plaintiff attacked the adequacy of Defendant's privilege logs for the first time in his Reply Brief in Support of Motion to Compel Further Responses and Production to First Set of Discovery ("Motion to Compel Discovery"). Plaintiff argued, *inter alia*, that many of the documents listed on the privilege logs may not be privileged because they involved PNM in-house counsel, Ramon Gonzales. Plaintiff argued that Mr. Gonzales' role in the August 2002 reorganization may not have been in a legal capacity. Because Plaintiff made these arguments

---

[1] Defendant's Subpoena Privilege Log and Discovery Privilege Log are Exs. 9 and 10 to Plaintiff's Reply to Motion to Compel Discovery, Docket No. 54.

[2] Plaintiff's Memorandum and Reply Briefs in support of his Motion to Compel Further Responses and Production did not refer to the 30(b)(6) privilege log, served November 5, 2004, and therefore Defendant did not submit an affidavit regarding that log, nor does Defendant address that log in this Response.

2

for the first time in his Reply Brief, Defendant had no opportunity to brief the issue. Defendant therefore filed two affidavits in order to address the new arguments that appeared in Plaintiff's Reply Brief.[3]

## II. This Court Should Exercise Its Discretion to Consider the Affidavits.

Plaintiff points to no case law or rule support for his request that Defendant's affidavits be stricken. Contrary to Plaintiff's request, the Tenth Circuit has held that "[a] district court may, in its discretion, consider an untimely affidavit for 'cause shown' if the failure to timely file the affidavit 'was the result of excusable neglect.'" Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1288 (10th Cir. 2002) citing Fed. R. Civ. P. 6(b).

The Defendant's cause for filing affidavits after completion of briefing was Plaintiff's new allegations regarding the sufficiency of its privilege logs, raised for the first time in Plaintiff's Reply Brief to his Motion to Compel Discovery. Had Plaintiff properly raised the issue of the sufficiency of the privilege logs in the Motion to Compel, Defendant would have attached the affidavits to its Response. The procedural tactic of filing a general motion to compel, then raising specific issues for the first time in a Reply, necessitated the submission of the evidentiary support in the affidavits, and such submissions are proper. See Essence, 285 F.3d at 1288. Plaintiff has not even suggested that he has been prejudiced by Defendant's affidavits, demonstrating that there is no reason whatsoever for this Court to strike them.

Plaintiff argues that Defendant should have provided the affidavits at the same time it provided its privilege logs, claiming that his Reply Brief "simply pointed out the inadequacy of

---

[3] Plaintiff mischaracterizes Defendant's affidavits as a surreply. The affidavits are simply additional evidence to support PNM's privilege logs. They are not legal briefs, and therefore are not a surreply.

3

Defendant's logs using established case law – case law that defense counsel is aware of." (Mtn. to Strike at 2.) Plaintiff's statements are misleading. The case law Plaintiff has relied upon consists of unreported cases and cases from other circuits, law that is not precedential to this Court.

Defense counsel provided a privilege log based on the clear language of Rule 26. The Rule requires a description of "the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing the privilege, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Defendant's log meets these requirements. Each document on the logs is identified by date, type, author, recipient, and subject matter. All of the documents were also clearly identified as either created in anticipation of litigation (work product) or communications with counsel for the purpose of obtaining legal advice (attorney-client privilege).

When Plaintiff challenged the sufficiency of the logs in a Reply Brief, Defendant then filed affidavits to address Plaintiff's novel arguments that its logs were insufficient. Defendant thus had cause to file the affidavits after completion of briefing, and they should be considered by the Court.

## III. Defendant's Filing of Affidavits Is No Different Than Plaintiff's Submission of Evidence and Documents After Completion of Briefing.

Plaintiff's arguments are a perfect example of the old adage, "the pot calling the kettle black." On three occasions, Plaintiff has submitted evidence to this Court after completion of briefing. The first example of Plaintiff's inconsistent positions occurred at the October 22, 2004, motions hearing, when Plaintiff's counsel submitted several new exhibits to the Court in support of its Motion to Compel Employee Data. None of these exhibits were attached to Plaintiff's

Motion or supporting briefs. Plaintiff then used these exhibits to support his argument that he should be entitled to discover company-wide information. At that time, Plaintiff saw no problem in submitting evidence without a motion or brief. Second, Plaintiff's counsel also sent a letter to the Court the day before the October 22, 2004, hearing, attaching portions of a deposition transcript and the decision of Judge Schneider, neither of which were previously before the Court. (See **Ex. 3**, Let. To Hon. Alan C. Torgerson, dated Oct. 21, 2004.) The third example occurred only a week ago when Plaintiff hand-delivered a "courtesy copy" of a motion to file a supplemental brief in support of his motion to compel. (See **Ex. 4**, Let. to Hon. Alan C. Torgerson, dated November 23, 2004). While Plaintiff calls this submittal a "motion," in fact, it is nothing more than additional argument and the submission of additional deposition testimony after the briefing has been completed, and which Plaintiff submitted without leave to do so.

It is apparently Plaintiff's position that it is permissible for him to submit whatever additional argument or evidence he chooses to submit after the briefing is complete, but any attempt by the Defendant to submit evidence directly bearing on a pending motion should be stricken. As Plaintiff clearly has unclean hands on this issue, the Court should deny his Motion to Strike.

**IV.     The Importance of Attorney-Client and Work Product Privileges Mandate That the Court Consider All Relevant Facts When Deciding Whether or Not a Privilege Exists.**

The United States Supreme Court has recognized the importance of the attorney-client privilege as a vital element of our judicial system. Upjohn Co. v United States, 449 U.S. 383, 389 (1981) (recognizing the importance of the privilege in promoting "broader public interests in the observance of law and administration of justice"). As a result, courts are lenient regarding

5

privilege log procedures, particularly in large cases with extensive discovery, and generally will only hold that a privilege does not exist after a careful consideration of all facts relevant to the privilege claim. See First Sav. Bank v. First Bank Sys., 902 F. Supp. 1356 (D.Kan. 1995) reversed on other grounds First Sav. Bank, F.S.B. v. First Bank Sys., Inc., 101 F.3d 645 (10th Cir. 1996) ("[C]ourts have decided against waiver when there has been minor procedural violations, good faith attempts at complying, and some notice to opposing party of the privilege objections." (citations omitted)); 8 Charles A. Wright, et al., Federal Practice and Procedure § 2016.1 (1994) ("The basic objective [of the notice requirement in Rule 26(b)(5)] is a sufficient description of the matters withheld to satisfy the needs of the case; rigid insistence on certain logging or indexing procedures may go well beyond that, particularly in larger cases. Unless there has been a bad-faith failure to comply with a reasonable identification effort, automatically finding a waiver of the privilege would be unduly harsh, as some courts have already recognized.")

In order to promote the public interest served in protecting privileged information, the Court should consider the affidavits of Ramon Gonzales and Robert C. Conklin. The affidavits demonstrate, without a doubt, that all of the documents on PNM's Subpoena Privilege Log and Discovery Privilege Log are, in fact, privileged. Each document was created either in anticipation of litigation or for the purpose of obtaining or providing legal advice. See Fed. R. Civ. P. 26(b)(3); Upjohn Co. v United States, 449 U.S. at 389. As all relevant facts should be considered in determining privilege, Defendant's affidavits should not be stricken.

6

## V.     Conclusion.

For the foregoing reasons, Defendant asks that Plaintiff's Motion to Strike be denied.

Respectfully submitted,

KELEHER & McLEOD, P.A.

By _____
Robert C. Conklin
John K. Ziegler
Christa M. Hazlett
PO Box-AA
Albuquerque, NM 87103
Telephone: (505)346-4646
*Attorneys for Defendant*
*Public Service Company of New Mexico*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2004, a true and correct copy of the foregoing RESPONSE was mailed via U.S. Postal Service, postage prepaid, and addressed to:

Geoffrey D. Rieder
Wayne R. Suggett
Maestas, Rieder & Suggett, PC
PO Box 1670
Albuquerque, NM 87103-1670
*Attorneys for Plaintiff*

_____
Christa M. Hazlett

cmh0081

7

**MAESTAS, RIEDER & SUGGETT, P.C.**
Attorneys and Counselors
Albuquerque Plaza
201 Third Street N.W. Suite 1700
Post Office Box 1670
Albuquerque, New Mexico 87103-1670

Telephone (505) 767-9801
Facsimile (505) 767-9807

Wayne R. Suggett
e-mail: wayne_suggett@mrs-law.com

August 30, 2004

*VIA HAND DELIVERY*

John K. Ziegler, Esq.
Keleher & McLeod
201 Third Street, N.W., 12th Floor
Albuquerque, NM 87102

    Re:    *Thaddeus M. Korbin v. Public Service Company of New Mexico*
           *CIV No.* 03-1167

Dear John:

What follows is my opening attempt to meet and confer on PNM's Responses to Plaintiff's First Request for Admissions, and First and Second Request for Production and Interrogatories. If there is a chance to work out some of our differences on one or more of the categories that follow, please let me know so that we can set up a time to meet.

**Request for Admissions and Interrogatory No. 2**

Request for Admission No. 2. While PNM admits this Request, they also include extraneous information that is not only incomplete but it is not relevant to either admitting or denying the Request for Admission. This is clear from the fact that no information is provided concerning this extraneous matter in Interrogatory No. 2 that would be required if PNM was doing anything other than unqualified admitting the Request for Admission. Therefore, I request that you remove this and submit new Requests for Admissions simply omitting this. Alternatively, at a minimum, if you are going to keep the extraneous matters then you should properly answer Interrogatory No. 2 and provide the facts and witnesses that support this extraneous statement.

Request for Admission No. 4. Sought whether PNM required employees to agree not to seek employment as part of settlement negotiations resulting from claims of discrimination or lawsuits. PNM denied that this has occurred on every case and yet, in Interrogatory No. 2, there is not a single reference to a particular matter where that was not a required term of settlement.

EXHIBIT 1

John K. Ziegler, Esq.
August 30, 2004
Page 3

that Plaintiff applied for. I would request that PNM list all positions that have become available since January 1, 2002 and whether the position has been filled or not and by who and at what salary.

Interrogatory No. 6. This Interrogatory sought all individuals with engineer degrees that PNM employed as of August 21, 2002 and PNM objected to providing this information. Obviously this is relevant as it is clear from the documents produced to date that decisions were made concerning what engineers to retain and what engineers to transfer, promote, and demote. Therefore, I need the information concerning all engineers within the company so that I can evaluate PNM's so called "skill set assessment" analysis and the reason Korbin was terminated.

Interrogatory No. 7. This Interrogatory sought all employees who have been terminated due to a RIF or reorganization since 1995. PNM refused to provide this information other than in relationship to the August 22, 2002 RIF. This information is relevant to determine whether PNM has been using the RIF or reorganization process for the purpose of eliminating longer term, older employees. It is thus relevant to both Korbin's age, ERISA-based claims, as well as part of his implied contract claim. Further, while you now claim that only 72 employees were terminated, initially PNM claimed that 85 employees were terminated and your EEOC response referenced 82 and the document originally provided to Korbin references 79. Please provide the information concerning the missing 13 employees.

Interrogatory No. 8. This Interrogatory sought all lawsuits PNM has been a party to in the last 30 years related to employment relationships or employment termination. PNM objected to providing this information except in relation to the August 22, 2002 RIF. This information is relevant again to determine whether there are similar claims that have been asserted and I am at a loss at how this information is "unduly burdensome" and PNM has not established that providing this information is in fact "unduly burdensome." I am open to discussing whether 30 years is too broad, however, certainly information other than the August 22, 2002 RIF is relevant and not too broad.

Interrogatory No. 9. PNM asserted an attorney-client and work product privilege concerning the documents that were reviewed, relied on, or considered to terminate Korbin's employment. I fail to see how any document that was reviewed, relied on, or considered in impacting Korbin can be protected by work-product privilege. Attorney-client privilege also seems to be stretch, however, regardless of any work-product or attorney-client claim, the documents themselves should be listed and an appropriate privilege log should be supplied.

In your EEOC response, you cite statistics and claim the RIF was not statistically significant. I request the documents and information regarding these statements.

**THE LAW FIRM OF**

# KELEHER
# &McLEOD
**A PROFESSIONAL ASSOCIATION**

John K. Ziegler
Direct Dial: (505) 346-9184
E-Mail: jkz@keleher-law.com

September 10, 2004

**HAND DELIVERED**

Wayne R. Suggett, Esq.
Maestas, Rieder & Suggett, P.C.
201 Third St. NW, Ste. 1700
Albuquerque, NM 87102

Re:   **Korbin v. PNM**

Dear Mr. Suggett:

This letter is in response to your letter dated August 30, 2004. As explained in detail below, we are providing, or will provide, some of the information and documents you requested. We may agree to provide additional information and/or documents if you explain with additional specificity, the relevance of the information sought to Plaintiff's claims. However, there appears to be some information and documents, which we cannot agree to provide. We incorporate by reference all objections made in Defendant Public Service Company of New Mexico's Objections and Responses to Plaintiff's First and Second Set of Interrogatories, the Objections and Responses to the First and Second Set of Request for Production and the Objections and Responses to the Request for Admissions. Any and all information and documents are provided without waiving the objections stated therein.

With regard to your request for a privilege log, as discussed below, we will review our records for such relevant documents and we will agree to provide such a log with the understanding that the log will not identify documents or information in Keleher & McLeod files, nor will it identify communications between Keleher & McLeod and PNM. We would hope that you agree that these documents and this information are clearly privileged. Please let me know by September 14, 2004 if you will accept such a log without objection.

**Request for Admission No. 2.**

This Request asks PNM to admit that only the employees impacted by the reorganization that have been subsequently rehired were employees who did not file discrimination claims against PNM. In your letter, you ask that we remove part of the response, or provide the information to support the

W. A. Keleher (1886-1972)
A.H. McLeod (1902-1976)

Mailing Address
PO Box AA
Albuquerque NM 87103

Main Phone
505-346-4646

Street Address
Albuquerque Plaza
201 Third NW, 12th floor
Albuquerque NM 87102
Fax: 505-346-1370

414 Silver SW, 12th floor
Albuquerque NM 87102
Fax: 505-346-1345

**EXHIBIT**
2

**MAESTAS, RIEDER & SUGGETT, P.C.**
Attorneys and Counselors
Albuquerque Plaza
201 Third Street N.W. Suite 1700
Post Office Box 1670
Albuquerque, New Mexico 87103-1670

NOV 2 9 2004

Telephone (505) 767-9801
Facsimile (505) 767-9807

Geoffrey D. Rieder
e-mail: geoff_rieder@mrs-law.com

October 21, 2004
*Via Hand Delivery*

The Honorable Alan C. Torgerson
U.S. Magistrate Judge
District of New Mexico
Albuquerque Division
333 Lomas Blvd. N.W., STE 270
Albuquerque, New Mexico 87102

> *Re:* **Thaddeus M. Korbin v. Public Service Company of New Mexico**
> *CIV No.* 03-1167

Dear Judge Torgerson:

I am writing to you in conjunction with the hearing set on pending motions on Friday, October 22, 2004 at 2:00 p.m. There are two items which I would like to provide to you in advance of the hearing.

First, enclosed you will please find a copy of the deposition I took of PNM Human Resources employee, Marie Standefer, on October 14, 2004. Perhaps you will recall that we had a short telephonic conference with you about this during the deposition.

The issue raised by this deposition is whether PNM should be required to produce a roughly two inch thick file of records Ms. Standefer has in her desk which she created at the request of her boss the week or so before the 8/22/02 firing of Korbin and others. It is unlawful under ERISA and the ADA for an employer to make decisions motivated in part by an employee's benefits or age. Those are theories we have pled in this case. Ms. Standefer testified that she was directed by the Director of Compensation and Benefits, Ms. Kufer, to provide detailed information concerning the pension rights of multiple lists of employees, to include their eligibility for early retirement benefits, normal retirement benefits, the amount of any pension available, and each individual's age, among other factors. (Deposition, p. 24, 32-45). This was a special project requested by management which was done over a several day period, at off-business hours, and she was told to keep this study confidential. (*Id.*, p. 26, 35). She was asked to provide, and did provide, this analysis to the manager of compensation in the HR Department, Mr. Bermuelez (*id.*, p. 47).

This file, and the files of the other individuals she identified, are responsive to requests for production nos. 2, 3, 6, 8, 9 and 11. These requests are the subject of Korbin's motion to compel, filed 9/3/04.

The second point I would like to call to your attention relates to PNM's motion for protective order concerning a subpoena we served on counsel representing 13 plaintiffs who were fired by PNM at the same time as Korbin. That action is pending in State court, and Eric Sirotkin and Lee Peifer represent the plaintiffs.

**EXHIBIT 3**

The Honorable Alan C. Torgerson
October 21, 2004
Page 2

There is another lawsuit, *Handback v. PNM,* pending before Judge Hansen, CV-04-213 LH/WDS. In that case, my firm was subpoenaed to produce records, and PNM filed a motion to quash the subpoena. Judge Schneider has denied the motion to quash, addressing the grounds which PNM has argued in its motion pending before you. A copy of that order is attached for your information.

I look forward to discussing all of this with you tomorrow during the hearing.

Very truly yours,

Geoffrey D. Rieder

GDR/cm
Enclosures

cc:   Robert Conklin *(via hand delivery, w/o enclosures)*

11-23-04

## MAESTAS, RIEDER & SUGGETT, P.C.
Attorneys and Counselors
Albuquerque Plaza
201 Third Street N.W. Suite 1700
Post Office Box 1670
Albuquerque, New Mexico 87103-1670

Telephone (505) 767-9801                                          Geoffrey D Rieder
Facsimile (505) 767-9807                                 e-mail: geoff_rieder@mrs-law.com

November 23, 2004
*Via Hand Delivery*

The Honorable Alan C. Torgerson
U.S. Magistrate Judge
District of New Mexico
Albuquerque Division
333 Lomas Blvd. N.W., STE 270
Albuquerque, New Mexico 87102

   **Re:** *Thaddeus M. Korbin v. Public Service Company of New Mexico*
     *CIV No.* 03-1167

Dear Judge Torgerson:

  Enclosed you will please find a courtesy copy of Korbin's motion to file a supplemental brief in support of his pending motions to compel. The supplemental brief, along with the deposition which we would like to call to the Court's attention are attached to the motion.

            Most respectfully yours,

            Geoffrey D. Rieder

GDR/cm
Enclosures

cc: Robert Conklin *(via hand-delivery)*
   David Cunningham

EXHIBIT
4