IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THADDEUS M. KORBIN,

        Plaintiff,

vs.                                  CIV. NO.  03-1167 MV/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

        Defendant.

**PLAINTIFF'S RULE 72(a) OBJECTIONS TO MAGISTRATE'S**
**<u>ORDER FINDING DOCUMENT NUMBER 25 PRIVILEGED</u>**

      Plaintiff, Thaddeus M. Korbin, through his counsel of record, submits the following objections to Magistrate Judge Torgerson's February 17, 2005 order finding that document number 25 on PNM's privilege log protected by the attorney-client privilege. [Doc. No. 110].

      The subject matter and facts related to the discovery dispute concerning PNM's belated and misleading claims of privilege are the subject of a separate 72(a) objection brief that is currently pending before the Court.  [Doc. Nos. 90, 101 and 113].  This appeal concerns privilege log documents entry number 25 [Doc. No. 90, exhibit 1], that initially was ordered produced by the Court in its December 30, 2004 order.  [Doc. No. 85].  However, the Magistrate provided PNM  another opportunity to prove that document number 25 was privileged (<u>see</u> PNM's doc. no. 89 response and Korbin's doc. no. 91 brief in support), and

1

with its third[1] stab at claiming privilege, Magistrate Torgerson reversed his earlier finding [doc. no. 85] of no attorney-client privilege (but did not alter his decision in rejecting the work product privilege), in his February 17, 2005 order. [Doc. No. 110].  Korbin respectfully requests that the Court reverse the Magistrate's 2/17/05 order finding document number 25 protected by attorney-client privilege as contrary to law.

The Magistrate's order is flawed in that there has been no discussion or findings related to the waiver claims raised by Korbin.  The record is absent any evidence to support a finding that PNM has not used documents number 25, and disseminated the records, to PNM individuals and other third parties that would destroy the privilege.  Specifically, Korbin raised the issue, and PNM has remained silent in response,  whether document 25 has been used as part of PNM's EEO summaries under its OFCCP affirmative action plan (AAP) obligations under Executive Order 11246.

Korbin requested that PNM affirm that the only individuals that have ever seen the EEO summaries are its creator, Gene Bermudez, in-house counsel Ramon Gonzales, HR Director of Benefits and Compensation Margie Kufer, and HR Senior Vice-President Alice Cobb.  In response to this request, PNM has remained curiously quiet.  PNM's counsel has only stated that "other employees" received this material without limiting "other employees" to Cobb, Silva and Kufer.  (Doc. No. 89, p. 2).   None of the affidavits PNM has submitted limit the documents dissemination to these four individuals nor is there any testimony that the "EEO summaries" have not been used for other purposes such as AAP compliance

---

[1] 1) October, 2004 Privilege logs, 2) privilege logs and affidavits submitted in camera, and 3) doc. no. 89 and additional affidavit submitted in response to 12/30/04 order rejecting claim of privilege.

which would destroy the claim of privilege.

In fact, PNM has never attempted to explain its misleading the Court and counsel by originally claiming that document number 25 had only been seen by Bermudez and in-house counsel Gonzales. [Doc. No. 90, exhibit 1]. Similarly, PNM does not address its misleading labeling of the documents as "impaction analysis summary and work papers" which suggests they were created solely for the RIF, unlike EEO summaries that suggest a different purpose–a different purpose that has not been addressed by PNM in affidavit or its briefs. Caruso v. The Coleman Co., 1995 U.S. Dist LEXIS 8914 *4 (E.D. Pa. 1995)(documents created for both litigation and business purposes, such as satisfying regulatory agencies, are not entitled to work-product protection). While Korbin cannot be sure of the true purpose for creating the document, PNM's misrepresenting the title and recipients denied Korbin the opportunity to cross-examine Gonzales (at his 10/26/04 deposition) and Kufer (at her 11/17/04 deposition) about the EEO summaries and all the reasons PNM creates EEO summaries, including non-litigation business reasons. Snyder v. Winter, 159 F.R.D. 14,15 (S.D.N.Y. 1994)("material prepared by non-attorneys in anticipation of litigation, such as an accident report, is immune from discovery only where the material is prepared *exclusively* and in specific response to imminent litigation.").

A party is required to "specifically" detail the steps undertaken to maintain the confidentiality of the documents claimed to be privileged and that they are not accessible to employees for reasons unrelated to the claim of privilege. Scott Paper Co. v. United States, 943 F. Supp. 489, 500 (E.D.Pa. 1996)(denying claim of privilege holding that claimant did not satisfy burden on how records were maintained to guarantee confidentiality and whether documents were accessible to employees not critical to the purpose of the

privilege); Federal Trade Comm. v. GlaxosmithKline, 294 F.3d 141 (D.C.C. 2002)(upholding privilege based on finding that claimant established through affidavits that privileged documents were provided only to company employees who "needed to provide input to the legal department and/or receive the legal advice and strategies formulated by counsel."). PNM has failed to establish that Silva and Kufer were necessary recipients of Bermudez' data to fulfill PNM's exercise of the privilege and PNM has not stated that this is the extent of the dessimination of these records to this day.

Moreover, while PNM states that the records were requested by in-house counsel, for his use and review, Gonzales' billing records suggest otherwise. [Doc. No. 90, exhibit 1]. Of the billing records submitted by counsel[2], records he is required to prepare as an in-house attorney for PNM to document his activities, there is no reference to any discussion or meetings with Bermudez by Gonzales or that he reviewed any "EEO summaries" prepared by anyone. Without such records, PNM cannot establish that the records were exclusively created for the purpose of providing legal advice or that Gonzales provided such advice in relationship to the documents that make up privilege log entry number 25.

Additionally, PNM witnesses have maintained as a defense in this lawsuit that pension and age were not considered by PNM in implementing the RIF. If one of the "EEO summaries" Bermudez' performed related to pension, this statement would be false and relevant on the issue of pretext and credibility. The demographic groups analyzed, and

---

[2]Korbin does not have bate numbers 68, 69, and 76A, which may or may not show any billing entries related to Bermudez' work. Nevertheless, this is PNM's burden of proof and not Korbin's.

factual findings made by Bermudez, as opposed to any advice by Gonzales, is factual and not privileged. Upjohn Co. v. United States, 449 U.S. 383, 395 (1981)("The protection of the privilege extends only to communications and not to facts."). Thus, at a minimum, if there is factual content in the documents related to pension and age, this must be disclosed.

In fact, even the privileged material related to pension and age should be produced as PNM has affirmatively claimed that pension and age were not considered. PNM asserted to the EEOC two years ago that its statistics establish that the RIF did not have a "statistically significant" impact on older employees. [Doc. No. 90, Exhibit 2, 2/3/03 EEOC response, p. 2]. PNM cannot be permitted to impede the truth-seeking process by affirmatively claiming that pension and age were not considered and at the same time hide from discovery records that would suggest that PNM did consider age and pension in making the RIF selections.

Similarly, PNM has designated its pension actuary, Watson Wyatt, as an expert witness in this matter to testify that PNM obtained no pension savings by terminating Korbin and the other employees. As discussed below, to the extent Bermudez' analysis concern pension related matters, PNM has waived any privilege related to this subject matter by putting this "in issue." See In re Gibco, Inc., 185 F.R.D. 296 (D. Colo. 1997)(finding waiver of attorney-client privilege to documents put "in issue" by litigation defense: "If the Trustee is not permitted to review any of these documents, Ingham will be free to state his version of the facts surrounding the transfer of lot 12, while the Trustee will be left without any means to examine other evidence which would corroborate or contradict Ingham's statements on this issue."). Therefore, the Magistrate's 2/17/05 order should be reversed

and document number 25 should be produced.

Alternatively, the Magistrate's 2/17/05 order should be modified and remanded requiring that PNM provide testimony confirming that PNM has not used the EEO summaries in relation to any administrative compliance issues, such as AAP compliance, and that the only individuals that have ever seen this record are Gonzales, Kufer, Cobb, and Silva.

### III.  Conclusion.

Wherefore, the Court should reverse the Magistrate's 2/17/05 order and require privilege log document number 25 be produced or, alternatively, remand the order requiring PNM to provide further evidence to establish that the privilege has not been waived through disclosure to individuals outside the four listed.

Respectfully submitted,

MAESTAS & SUGGETT, P.C.


By:
   WAYNE R.  SUGGETT
   Post Office Box 1578
   Albuquerque Plaza, Suite 1600
   201 Third Street, N.W.
   Albuquerque, New Mexico  87103-1578
   Telephone: (505) 247-8100

And,

GEOFFREY D. RIEDER
RIEDER & ASSOCIATES
P.O. Box 1607
Albuquerque, New Mexico 87103-1607
Telephone: (505) 767-0577

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

Plaintiff, through his counsel of record, Maestas & Suggett, P.C., hereby certify that one copy of the following pleading was hand-delivered to Defendant on this 7th day of March, 2005 as follows:

John K. Ziegler
Keleher & McLeod,
201 Third Street, N.W.
12th Floor
Albuquerque, New Mexico, 87102

David F. Cunningham
Rubin Katz Law Firm, P.C.
P.O. Box 250
Santa Fe, New Mexico 87504

By:
    Wayne R. Suggett